# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11062
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE PICKENS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-356-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

George Pickens pleaded guilty conditionally to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. He now appeals the district court's denial of his motion to suppress evidence. Finding no error, we affirm.

On appeal, Pickens argues that the district court erred in applying the good faith exception to the exclusionary rule to deny his motion to suppress.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11062

Pickens contends that the exception should not have applied because the affidavit upon which the warrant to search his residence was based is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. Pickens also argues that the good faith exception is inapplicable because the affidavit was "bare bones."

We review the district court's factual findings for clear error, and its legal conclusions de novo. *United States v. Cherna*, 184 F.3d 403, 406 (5th Cir. 1999). We employ a two-step analysis when reviewing the denial of a motion to suppress evidence discovered pursuant to a search warrant. *Id.* at 407. We look first to whether the good faith exception to the exclusionary rule applies, and if not, we then determine whether the issuing magistrate had a substantial basis for finding probable cause. *Id.* The good faith exception does not apply if the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth, or if the underlying affidavit is "bare bones," i.e., so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal quotation marks omitted).

We are satisfied that the good faith exception applies. Although the affidavit lacked direct evidence that Pickens was involved in criminal activity, it provided sufficient facts and circumstances from which an issuing magistrate could draw commonsense inferences to find probable cause. *See United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992); *United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987). More particularly, the affidavit contained specific information that someone had posted to Facebook the photograph of an undercover Mesquite narcotics officer. The affidavit revealed that upon interviewing the person who posted the photograph, that person

2

stated that she posted the photograph because the undercover narcotics officer had testified against a friend approximately two months earlier. The person also revealed to investigators that she had seen a flyer with the same photograph weeks earlier. The person refused to name the friend. The affiant explained that investigators identified Pickens as the friend after learning that the undercover officer had in fact testified against Pickens approximately two months earlier. A computer records search also showed that Pickens and the person had been in the same vehicle during a hit-and-run incident. Given that the person who posted the photograph to Facebook had seen a flyer with the same photograph, it was not unreasonable to believe that more photographs identifying the undercover officer existed.

Although we have held that "facts must exist in the affidavit which establish a nexus between the house to be searched and the evidence sought," this nexus may be established through direct observation or normal inferences. *United States v. Freeman*, 685 F.2d 942, 949 (5th Cir. 1982). Such is the case here. In the subject affidavit, the affiant stated that he believed that investigators would find further evidence related to the Texas offense of retaliation at Pickens's residence, based on his training and experience that such evidence is typically found in the home. The affiant's knowledge of where items related to retaliation might be located, combined with the knowledge that there were other flyers with the undercover officer's photograph, logically supports an inference that the items sought would be found at the residence. *See id.*

On these facts, we find no error in the determination that the affidavit was sufficient to support a good faith conclusion by an objectively reasonable officer that the affidavit was adequate to establish probable cause. *See Satterwhite*, 980 F.2d at 320. In addition, the affidavit contained sufficient

indicia of reliability warranting reliance by a reasonable officer; it was not "bare bones." *See id.* Because the good faith exception is applicable, we need not consider whether the magistrate judge had a substantial basis for concluding that probable cause existed. *See Cherna*, 184 F.3d at 407.

In light of the foregoing, the judgment of the district court is **AFFIRMED**.